Alton D. Lane *v.* Henry Hopfeld

Alcorn, C. J., House, Thim, Ryan and Shea, Js.

Argued October 14—decided November 18, 1970

*William R. Davis,* with whom were *Vincent F. Sabatini* and, on the brief, *Leon RisCassi* and *Lee G. Kuckro,* for the appellant (plaintiff).

*James P. Connolly,* for the appellee (defendant).

ALCORN, C. J. There is a single issue in this case, namely, whether the Superior Court has jurisdiction in personam over the defendant, a resident of California, in a case in which process was served on the secretary of the state pursuant to General Statutes § 52-59a, the pertinent portion of which is quoted in the footnote.[1] It is conceded that ser-

---

[1] "Sec. 52-59a. SERVICE OF PROCESS ON NONRESIDENTS AND FOREIGN PARTNERSHIPS DOING BUSINESS IN CONNECTICUT. Except as otherwise provided by law, any nonresident individual or foreign partnership which transacts business in this state, personally or by an agent, salesman, employee, officer or another, shall be deemed to have appointed the secretary of the state as its attorney and to have agreed that any process in any civil action brought against such nonresident individual or foreign partnership may be served upon said secretary and shall have the same validity as if served upon such nonresident individual or foreign partnership personally."

vice was made in the manner required by the portion of the statute which is not quoted.

The action was commenced by a writ and complaint dated July 20, 1965, which was served on the secretary of the state on July 21, 1965, and the defendant received a copy by registered mail at his place of business on July 22, 1965. The defendant appeared specially and pleaded in abatement that the court lacked jurisdiction because the defendant is an individual operating a proprietary business, that he does not do business in Connecticut within the contemplation of § 52-59a, that effective service could have been made upon him only by service in his hands or at his abode in Connecticut or by writ of attachment but that the only service actually made was pursuant to § 52-59a.

Issue was joined on the plea in abatement and, on facts stipulated by the parties, the court sustained the plea and rendered judgment for the defendant on April 28, 1969. The plaintiff has appealed from the judgment.

The facts are as follows: The defendant, on and prior to July 29, 1964, manufactured ladders in San Rafael, California, from which place he conducted his business as a sole proprietor. Neither on that date nor at any prior time did he have a residence, an office, a place of business, a post office box, or a mailing address in Connecticut; nor did he own or maintain, either individually or with others, any real property, securities or the like in this state; nor did he have any agent, salesman, employee or other representative in Connecticut. He advertised his ladders in four trade journals, one of which, published in Chicago, had a circulation of seventy-nine in Connecticut in 1964, another had a circulation of fifty in this state, and a third, also published in

Chicago, had a total circulation from 1961 to 1963 of from 450 to 529 copies. Neither the plaintiff nor his employer is found to be a subscriber to any of them.

Sometime before July 29, 1964, the plaintiff's employer saw an advertisement of the ladder made by the defendant in some trade journal and wrote for a brochure and a price list. A brochure and a price list were mailed to him by the defendant and, on the basis of the information in them, he purchased a ladder from the defendant f.o.b. San Rafael, California, and paid for it by a check mailed from Connecticut. Three transactions of this sort occurred.

On July 29, 1964, the plaintiff was using one of the defendant's ladders in the course of his work for his employer when the ladder broke, causing him to fall. The present action was brought, alleging negligence and breach of warranty on the part of the defendant, to recover damages for the injuries sustained in the fall.

It is agreed that § 52-59a was the law applicable to the service which was attempted in this case at the time the plaintiff's cause of action matured, at the time suit was brought, and at the time the judgment appealed from was rendered. The section was repealed by 1969 Public Act No. 744, now General Statutes § 52-59b, which became effective on October 1, 1969, and supplanted § 52-59a.[2] The bearing of that repeal upon this case will be alluded to later.

---

[2] "Sec. 52-59b. JURISDICTION OF COURTS OVER NONRESIDENT AND FOREIGN PARTNERSHIPS. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership or his or its executor or administrator, who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from such act; or (3) commits a tortious act without the state causing injury to person or property

The plaintiff argues that the defendant transacted business in Connecticut "personally . . . by an agent . . . or another" within the meaning of § 52-59a. He conceded in oral argument that the defendant was never in Connecticut in person and that he had no agent here under the law of agency. He argues, however, that the legislative intent of § 52-59a was to include the solicitation of business by mail in the words "personally" or by "another." The defendant contends, however, that "personally" has a definite and unambiguous meaning and that "another" means "another person."

The words "transacts business" as used in § 52-59a are not defined, but the trial court concluded that they have essentially the same meaning as in §§ 33-396 and 33-397, which deal with service on foreign corporations. Section 33-397 (b) (5) provides that soliciting or procuring orders by mail where the orders require acceptance outside the state before becoming binding contracts does not constitute transacting business for the purposes of § 33-396; and § 33-397 (b) (8) excludes "transacting business in interstate commerce."

Under accepted contract principles, the defendant's advertisement, brochure and price list were a solicitation for an offer and not an offer, the plain-

---

within the state, except as to a cause of action for defamation of character arising from such act, if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state. Where personal jurisdiction is based solely upon this section, an appearance does not confer such jurisdiction with respect to causes of action not arising from an act enumerated in this section."

tiff's employer's order for a ladder was an offer to the defendant, the offer was accepted when the defendant agreed to ship or shipped the ladder, and there was no binding contract until the offer was accepted. 1 Corbin, Contracts § 25 pp. 74, 75, § 28 pp. 80, 81. Consequently, the contract of sale was made in California and became binding there. Moreover, the transaction was one in interstate commerce since the ladder was to be delivered in Connecticut. See *McLeod* v. *Dilworth Co.*, 322 U.S. 327, 328, 64 S. Ct. 1023, 88 L. Ed. 1304; *Furst* v. *Brewster*, 282 U.S. 493, 51 S. Ct. 295, 75 L. Ed. 478.

The plaintiff contends that the meaning of § 52-59a should be construed in the light of § 33-411, which, in substance, subjects a foreign corporation to suit in this state, whether or not it is transacting or has transacted business here or is engaged in interstate commerce, in any cause of action arising out of a contract made in or to be performed in this state, or out of business solicited repeatedly by mail wherever the orders were accepted, or out of the production, manufacture or distribution of goods used or consumed and reasonably expected to be used or consumed here, or out of tortious conduct of misfeasance or nonfeasance. We are dealing in the present case with an individual—not a corporation. Section 33-411 has a much broader scope than § 52-59a. See Stephenson, Conn. Civ. Proc. § 4 (g) p. 8, § 5 (b) pp. 13–14 (Sup. 1966).

Regardless of whether or not the defendant's activity amounted to the transaction of business in this state, however, there still remains the question whether, even if it did, he acted "personally or by an agent, salesman, employee, officer or another" as specified in § 52-59a. Words used in a statute are

generally given their commonly accepted meaning. *State* v. *Taylor,* 153 Conn. 72, 82, 214 A.2d 362; *Baker* v. *Norwalk,* 152 Conn. 312, 315, 206 A.2d 428. The commonly accepted meaning of "personally" is "in a personal manner." Webster, Third New International Dictionary. Although an "agent" in the legal sense may include an artificial as well as a natural person; Restatement (Second), 1 Agency § 1 pp. 7–8; the facts of this case disclose no right of control by the defendant over the publications in which he advertised, or over the mails, which could give rise to one of the essential elements of an agency relationship. See *Bieluczyk* v. *Crown Petroleum Corporation,* 134 Conn. 461, 465, 58 A.2d 380; Restatement (Second), 1 Agency § 1 pp. 7–8, § 14 p. 60.

There is no claim that the defendant operated through a "salesman" or an "officer." When we come to the word "another," its significance must hinge in large measure on the meaning ascribed to the words which precede it. *Smedley Co.* v. *Employers Mutual Liability Ins. Co.,* 143 Conn. 510, 515, 123 A.2d 755; *General Motors Corporation* v. *Mulquin,* 134 Conn. 118, 125, 55 A.2d 732; see 50 Am. Jur., Statutes, § 247 p. 241, § 249 pp. 244–45. In the statute now in issue we have, in sequence, the words "personally or by an agent, salesman, employee, officer or another." It seems quite apparent that when used in that sequence the word "another" can mean only "another person."

The trial court was correct in concluding that the defendant did not, for purpose of service of the process in this action, come within the ambit of § 52-59a.

On this appeal, however, the plaintiff makes the additional claim that General Statutes § 52-59b,

which repealed and supplanted § 52-59a as already stated, being procedural only, should be applied retroactively to this case. The statute itself is silent on the subject. The claim was not made to or ruled on by the trial court for the obvious reason that the 1969 act did not become effective until about six months after the judgment appealed from was rendered. The appeal had been taken on June 2, 1969, however, and in that sense the case was still pending when the act became effective.

The plaintiff places reliance principally on *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 249 A.2d 58, in which we held that a similar statute was applicable retroactively to a cause of action which had matured at the time the statute became effective. It is to be noted, however, that, aside from the very different facts in that case, although the right of action had accrued, no action was then pending. In the case now before us, the cause of action had not only matured but judgment had been rendered by the trial court and the action was pending on appeal when the 1969 act became effective. However, "our test of whether a procedural statute is to be applied retroactively, absent any specific provision in the statute on the point, is not a purely mechanical one. Even if the statute is procedural, it will not be applied retroactively if considerations of good sense and justice dictate that it not be so applied." *Carvette* v. *Marion Power Shovel Co.,* supra, 96; see *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418, 17 A.2d 525.

We need not consider whether the service which was made of the process in this case would have been valid to give the court in personam jurisdiction of the defendant under the provisions of

§ 52-59b, because it would violate good sense and justice to apply the provisions of that act retroactively. It would operate to bring within the in personam jurisdiction of the Superior Court a resident of California who, so far as appears, has never set foot in Connecticut, in order to make him answer for an alleged tort which had its operative effect here or for the breach of a warranty incident to a contract of sale made in California. It would accomplish that end by validating a service of process made in 1965 by the application of a statute which did not become effective until more than four years after the service was made. The plaintiff is entitled to no benefit from the provisions of § 52-59b.

There is no error.

In this opinion the other judges concurred.