[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
MOTION TO STRIKE [105]
Plaintiffs' three count Revised Complaint alleges three causes of action, breach of contract, negligence, and the inevitable CUTPA. [105]
The key allegations of the First Count regarding a breach of contract are:
 "6. That on or about August 1, 1991, the Plaintiffs read an ad from the Defendants, BANCBOSTON MORTGAGE CORP., in the Mortgage Journal which guaranteed that approval or denial of the mortgage application would be forthcoming in 48 hours and the mortgage could be completed in as little as 10 days, a copy of which is attached as Exhibit B.
 "7. That the Plaintiffs in reliance of that ad, on or about August 14, 1991 communicated by phone with Defendant about obtaining a mortgage from Defendant. CT Page 1106
 "8. That the plaintiffs then paid their application fee of $335 and entered into a contract with the Defendants to receive a mortgage." revised Complaint, June 17, 1993. [104]
Plaintiffs then allege the defendant breached by not "issuing either an acceptance or rejection letter." Id, 11.
Defendant has moved to strike claiming no cognizable cause of action has been stated. Motion To Strike, July 15, 1993. [105] Defendant states that "Plaintiffs' breach of contract claim is based upon the legal conclusion that the Advertisement constituted an offer by BancBoston to provide a mortgage, which offer was accepted by the Plaintiffs upon payment to BancBoston of an application fee. . . . Under Connecticut law, the advertisement was not an offer but merely . . . an invitation for the customer to make an offer for a mortgage." Memorandum In Support of Motion To Strike, July 15, 1993, pp. 3-4. [105.25] Defendant may well be correct as it seems that an advertisement such as defendant's is treated as a solicitation for an offer but not an offer. Lane v. Hopfield, 160 Conn. 53 (1970).
The Revised Complaint alleges that "Plaintiffs . . . entered into a contract with the Defendants to receive a mortgage." Revised Complaint, 8. The Revised Complaint does not state the terms of the contract. It does not state whether it was written or oral. Defendant's Motion To Strike is based on the assumption that the "contract to receive a mortgage" was formed by the supposed offer made by or in the advertisement and accepted by plaintiffs' paying the application fee.
"If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Stradmore Development Corporation v. Commissioners, 164 Conn. 548, 550-51, 324 A.d 919 (1973)." Westbrook Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 496 (1992). Under the Revised Complaint, plaintiffs can introduce evidence of the contract alleged in 8 including how it was made, its terms and how it was breached. It appears from 7 that there was communication between the parties. Plaintiff then paid defendant an application fee "and entered into a contract with the Defendants to receive a mortgage." Revised Complaint, 8.
The First Count should not be stricken. CT Page 1107
The Second Count has been labeled "Negligence." Defendant argues:
 "In the case at hand, the plaintiffs' negligence action is based upon allegations that BancBoston failed to carry out its alleged contractual obligations. As stated above, the Plaintiffs have failed to allege facts which establish that a contract between Plaintiffs and BancBoston existed. In addition, the Plaintiffs allege no other basis which established the existence of a duty owed by BancBoston to the plaintiffs." Memorandum In Support of Motion To Strike, p. 5. [105.25]
Defendant's motion to strike the Second Count is predicated on the claimed failure to allege the existence of a contract. The court has held that the plaintiffs have alleged a contract and its breach. The motion as to the Second Count must fail.
The defendant's first challenge to the Third Count, CUTPA, is based on the claimed invalidity of the first two counts, the failure to allege viable causes of action. The court has held otherwise. The defendant's first reason to strike the Third Count is invalid.
Defendant next claims that CUTPA does not apply to the defendant because CUTPA does not apply to banks. Defendant has not stated expressly that BancBoston Mortgage Corporation is a bank. Defendant implies that defendant is a bank. Memorandum In Support of Motion To Strike, p. 6-8. [105.25] The Revised Complaint does not state that BancBoston Mortgage Corporation is a bank. In ruling on this motion to strike, the court is limited to the facts alleged in the Revised Complaint. Thus defendant BancBoston Mortgage Corporation's being a bank is not a fact established by the Revised Complaint available to the court for the purpose of ruling on the motion to strike.
The Motion To Strike is denied.
Parker, J.