[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION [RE:] MOTION TO DISMISS
The plaintiff, Richard Senior, filed a two-count complaint against the defendant, American Institute for Foreign Study, a/k/a Camp America (AIFS) on June 30, 1994, alleging actions stemming from a knife attack on the plaintiff by a fellow camp counselor hired by AIFS to work at Sunrise Inc. d/b/a Camp Sunrise (Camp Sunrise). On July 3, 1995, Judge Lewis granted a motion by AIFS to cite in Camp Sunrise as a party defendant. Camp Sunrise moved to dismiss the proceeding against it on October 5, 1995, for lack of personal jurisdiction. AIFS filed an objection to the motion on November 13, 1995. At the hearing on November 13, 1995, the parties submitted a stipulation as to facts. Camp Sunrise is a Rhode Island based corporation with its only place of business in Rhode Island. Aside from the transaction with AIFS, "Camp Sunrise had no other dealings within the State of Connecticut." (Stipulation, 1.) AIFS is a corporation doing business in Connecticut.
"A motion to dismiss . . . `properly attacks the jurisdiction CT Page 1294 of the court, essentially asserting that the plaintiffcannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in the original.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." American Laundry Machinery, Inc. v. State,190 Conn. 212, 217, 459 A.2d 1031 (1983).
A challenge to personal jurisdiction over a nonresident foreign corporation requires a two-part inquiry. First, the court must decide whether the applicable long-arm statute authorizes the exercise of jurisdiction. Second, the court must decide if the assertion of jurisdiction would offend due process.Frazer v. McGowan, 198 Conn. 243, 246, 502 A.2d 905
(1986); Lombard Bros., Inc. v. General Asset ManagementCo., 190 Conn. 245, 250, 460 A.2d 481 (1983).
AIFS asserts that the court has jurisdiction over Camp Sunrise pursuant to General Statutes § 33-411(b). Camp Sunrise argues that it does not transact business within Connecticut, and, if it did, its actions fall within the exceptions listed in § 33-397(b)(5) as the contract was delivered to and signed in Rhode Island, and therefore was accepted outside the state of Connecticut.
General Statutes § 33-411(b) provides, "[e]very foreign corporation which transacts business in this state in violation of section 33-395 or 33-396 shall be subject to suit in this state upon any cause of action arising out of such business." The term "transacts business" has been taken to mean "a single purposeful business transaction." Charlup v. Omnicorp Holdings,
Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 121184 (August 24, 1993, Nigro, J.); see also Rosenblit v. Danaher, 206 Conn. 125, 138, 537 A.2d 145
(1988) (construing General Statutes § 52-59(b)(a)(1), the long-arm statute covering nonresidents and foreign partnerships);Zartolas v. Nisenfeld, 184 Conn. 471, 474, 440 A.2d 179 (1981).
Camp Sunrise contacted AIFS in Connecticut, engaged in negotiations with AIFS over the telephone in Connecticut, received agreement papers from AIFS, paid AIFS in Connecticut, received the counselors that AIFS had found and transported, and telephoned AIFS in Connecticut for assistance when the stabbing CT Page 1295 occurred. (Stipulation, ¶¶ 4-9) Therefore, Camp Sunrise transacted business within the state of Connecticut.
General Statutes 33-397(b)(5) provides, in pertinent part, "a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this chapter, by reason of carrying on in this state any one or more of the following activities . . . (5) soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts." Both parties rely on Lane v.Hopfield, 160 Conn. 53, 273 A.2d 721 (1970). In Hopfield, the defendant, a California company, advertised ladders in various trade publications. The plaintiff, a Connecticut resident, saw an advertisement, requested a brochure, and placed three orders for ladders. The court held that under accepted contract principles the advertisements were solicitations for an offer, the order was an offer, which was accepted in California when the ladders were mailed from California. Id., 55-58. Camp Sunrise argues that the contract as mailed to Rhode Island was an offer, it was signed in Rhode Island and therefore accepted in Rhode Island. AIFS argues the converse, it solicited an offer from Camp Sunrise for counselors at a "Camp Fair" and through brochures, and accepted the order, presumably arguing that the Agreement signed by Camp Sunrise was merely a confirmation. The stipulation states that "a contract was formed between the parties, either orally or in writing, to provide Camp 4 Counselors to Camp Sunrise in Rhode Island." (Stipulation, 6). While there is an issue of fact as to whether the agreement is the contract or whether the contract was formed during oral negotiations, the court need not reach that question. The statute applies to those "soliciting or procuring orders." Camp Sunrise did not solicit or procure orders, AIFS solicited and procured orders, therefore the latter part of the section relating to where the orders were accepted is irrelevant. The provision does not apply to Camp Sunrise.
Camp Sunrise also argues that the cause of action must arise from a business transaction, but the action alleged arises from a criminal act of another, not a contract. The underlying complaint alleges that AIFS breached a contract to the counselor and was negligent in its performance of its duties in screening counselors. The motion to cite in Camp Sunrise is based on the allegation that Camp Sunrise's negligence in failing to supervise the counselor was the sole proximate cause of the incident. The cause of action arises from the circumstances surrounding the CT Page 1296 counselors' presence at the camp, which includes the contract.
In the alternative, AIFS argues that General Statutes § 33-411(c)(1) allows for jurisdiction. Section 33-411(c)(1) provides that foreign corporations shall be subject to suit in Connecticut whether or not the corporation has transacted business in the state on a cause of action arising "[o]ut of any contract made in this state or to be performed in this state." AIFS argues that the contract was to be performed in the state as it arranged for the counselors to be sent to Camp Sunrise, and it was paid in the state. Camp Sunrise argues that the contract was not made or performed in the state, and the cause of action did not arise from the contract. In Telesco Oilfield Services Inc.v. Skandia Insurance Company, Ltd., 656 F. Sup. 753 (D.Conn. 1987), the court held that Plaintiff's payment of premiums from Connecticut to an out-of-state insurer was considered "actual and substantial performance of the terms of the contract." Id., 758. By the terms of the agreement AIFS agreed to find and arrange transportation and visas for counselors, provide medical insurance, and intercede in the event of serious problems. Accordingly, while the counselors were never in Connecticut, AIFS performed the above, contracted-for services from its Connecticut office.
Counsel again argues the lack of causal nexus.[1] The test is foreseeability, and, as more thoroughly discussed below, Camp Sunrise could reasonably foresee being hailed into court on a suit arising from the actions of one of its counselors provided by AIFS.
Lastly, Camp Sunrise claims that the plaintiff has not met its burden of proving it has minimal contacts within Connecticut so that the maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice."International Shoe Co. v. Washington, 326 U.S. 310 (1945);Shaffer v. Heitner, 433 U.S. 186 (1977); Lombard Bros., Inc.,
supra, 190 Conn. 245. "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness." United States Trust Co. v. Bohart, 197 Conn. 34,41, 495 A.2d 1034 (1985). The stipulation provides, "[a]t all times herein, up until after the incident in the underlying complaint, [the president of Camp Sunrise] did not know that he was dealing with Camp America's Greenwich office, but did realize that they maintained a Greenwich office." (Stipulation, ¶ 10.) Camp Sunrise received information from the Greenwich office CT Page 1297 (Stipulation, ¶ 4), received the agreement with a Greenwich address displayed prominently, and sent payment to Connecticut (Stipulation, ¶ 7). These contacts were sufficient in that Camp Sunrise knew it was working with a Connecticut company, and could be expected to be hailed into court on a cause of action involving a company that provided it with camp counselors at the situs of that company.
Karazin, J.