[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 824
Raymond and Donna Kelly are seeking reimbursement for attorney's fees from Nations Title of New York, Inc. These fees were incurred in the successful defense of an adverse possession and prescriptive easement claim. The action asserts three counts: breach of contract, breach of duty to defend, and breach of the implied covenant of good faith and fair dealing.
On April 12, 1999, the court referred the matter to a fact-finder pursuant to Practice Book § 23-53. The fact-finder found for the plaintiffs, and recommended that the court enter judgment in the amount of $20,250. On September 22, 1999, the defendant, Nations Title of New York, filed an objection to the fact-finder's report.
The fact-finder made the following findings, inter alia. On December 17, 1982, the plaintiffs purchased their home and on that same date purchased a title insurance policy which contained an exception from coverage for "any state of facts which an accurate survey or an inspection of the premises would disclose."[1] However, the plaintiffs received only sales literature from US Life[2] at the time. They received the actual insurance policy in question two weeks after the closing. In 1994, their neighbor brought suit for adverse possession and prescriptive easement, claiming a portion of the plaintiffs' property. The plaintiffs contacted the defendant on September 21, 1994, and demanded that the defendant defend them. The defendant did not respond. The plaintiffs contacted the defendant again on November 7, 1994 and on November 13, 1995. On February 12, 1996, relying on a survey of the plaintiffs' property dated March 14, 1990, the insurer denied coverage under the policy based on the policy's exclusion of "any state of facts which an accurate survey or an inspection of the premises would disclose."[3] On July 31, 1996, the court rendered judgment in the adverse possession suit in favor of the plaintiffs. The plaintiffs now seek reimbursement of attorney's fees they incurred in the amount of $20,250. CT Page 825
The fact-finder based his decision in favor of the plaintiffs on the fact that when the plaintiffs closed on their home, they had not received the actual insurance policy which contained the exclusionary clause.[4] The plaintiffs had received only the sales brochure which stated, "if anyone makes a claim against your title as insured to you. . . . The cost of defending any such attack will be borne by the Title Company. . . ."[5] The brochure does not state any exception to coverage, and therefore the plaintiffs' purchased their policy with no awareness of the coverage exception. The plaintiffs' relied on the language of the sales brochure alone. Both the policy and the brochure were received in evidence. "In matters submitted to fact-finding . . . the civil rules of evidence shall apply." Practice Book § 23-55.
The defendant objects to the fact-finder's report with regard to the testimony given by both the plaintiff, Raymond Kelly, and the plaintiffs' neighbor, Henry Alonzo. It contends that the fact-finder either misunderstood or ignored Raymond Kelly's testimony. The defendant argues that Raymond Kelly admitted that the facts which gave rise to the adverse possession claim "would have been disclosed by an inspection of the property."[6] The fact-finder's report does not specifically address the issue of testimony. Nonetheless, a fact-finder may give more credence to the evidence of one party than to that of another. Recycled PaperGreetings, Inc. v. Levine, Superior Court, judicial district of New Haven at New Haven, Docket No. 411577 (April 19, 1999,Pittman, J.). "The finder of fact is in a better position to determine the credibility of witnesses and the weight to be accorded their testimony." Beizer v. Goepfert, 28 Conn. App. 693,706 (1992). "Such a determination is squarely within the province of a fact-finder." Recycled Paper Greetings, Inc. v. Levine, supra, Superior Court, Docket No. 411577.
The defendant also objects to the fact-finder basing his decision on the sales brochure rather than on the insurance policy. The defendant argues that the policy, and not the brochure, constitutes the contract between the parties. An exhaustive search of Connecticut case law has failed to yield any decisions which hold that a sales brochure constitutes an operative contract between parties. In Lane v. Hopfeld,160 Conn. 53, 57 (1970). However, in a case involving lack of personal jurisdiction over a party in a contract action, the court observed that "[u]nder accepted contract principles, the defendant's advertisement, brochure and price list were a CT Page 826 solicitation for an offer. . . ." (Emphasis added.) "An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy." O'Brien v. United StatesFidelity Guaranty Co., 235 Conn. 837, 842 (1996). It is the language in the policy itself which determines the duty of an insurer to defend. See Berdon v. Chicago Title Insurance Co.,Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 304940 (April 23, 1996, Burns, J.). Though the plaintiffs did not receive a copy of the policy until two weeks after the closing, they were in possession of the policy containing the exclusionary clause for approximately twelve years
before the adverse possession suit was brought, and therefore should have been aware of the exception to coverage.
When reviewing a report of a fact-finder, the court may take the following actions: "(1) render judgment in accordance with the finding of facts; (2) reject the finding of facts and remand the case to the fact-finder who originally heard the matter for a rehearing on all or part of the finding of facts; (3) reject the finding of facts and remand the matter to another fact-finder for rehearing; (4) reject the finding of facts and revoke the reference; (5) remand the case to the fact-finder who originally heard the matter for a finding on an issue raised in an objection which was not addressed in the original finding of facts; or (6) take any other action the judicial authority may deem appropriate." Practice Book § 23-58(a).
The court may not substitute its own findings for that of the fact-finder except upon the written stipulation of the parties. See Wilcox Trucking, Inc. v. Mansour Builders, Inc.,20 Conn. App. 420, 423-424 (1989), cert. denied, 214 Conn. 804,573 A.2d 318 (1990). The court's proper task is to decide whether the conclusions of the fact-finder "follow legally and logically from the underlying facts in accordance with its obligation to consider whether the conclusions reached were in accordance with the applicable law." (Internal quotation marks omitted.) Meadowsv. Higgins, 249 Conn. 155, 170-171 (1999). "[T]he court's role . . . [is] limited to determining whether the subordinate facts found . . . were sufficient to support the . . . ultimate factual conclusions." (Citation omitted, internal quotation marks omitted.) Id., 170 n. 10.
Accordingly, pursuant to Practice Book § 23-58(a)(2), this CT Page 827 court rejects the finding of facts and remands the matter to the fact-finder for either a rehearing of the matter and the filing of a supplementary finding of facts with regard to the insurance policy as the operative contract between the parties, or at the fact-finder's discretion, the filing of a supplementary finding without further rehearing.[7]
Moraghan, J.