JONES DESTRUCTION, INC. *v.* BURTON H. UPJOHN

HOUSE, THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued April 13—decided May 11, 1971

*Frank A. Francis,* with whom was *Seymour L. Kroopnick,* for the appellant (defendant).

*Wendell S. Gates,* for the appellee (plaintiff).

LOISELLE, J. This is an appeal by the defendant from the foreclosure of a mechanic's lien. The

action was returnable to the Court of Common Pleas on the first Tuesday of April, 1965, and judgment was rendered on December 11, 1969.

The following undisputed facts were found by the trial court: The defendant owner had entered into an agreement with a general contractor for the construction of a paved parking lot which involved the demolition of two buildings on his land. The parking lot was thereafter to be leased by the defendant to his tenant at a rental of $500 a month from the date of occupancy. In April, 1964, the plaintiff submitted a bid of $2800 to the general contractor for the demolition of the buildings thereon and the rough grading of the premises. On April 30, 1964, the plaintiff was informed that it was the successful bidder. On June 9, 1964, the plaintiff received a purchase order from the general contractor directing that the work be completed by June 30, 1964.

The court found that the plaintiff completed the work it had contracted to do on or before July 29, 1964. The defendant has assigned as error the court's finding on this point. Since, however, it is conceded in the defendant's brief that there was evidence to that effect, this assignment of error is deemed to be without merit. *State* v. *Mahmood,* 158 Conn. 536, 539, 265 A.2d 83.

The court further found that the plaintiff filed a mechanic's lien on September 22, 1964, and that notice of intent to claim a mechanic's lien was given the defendant on the same day. The defendant has assigned error to two of the court's findings in this regard, but, since this assignment of error has not been briefed, it must be treated as abandoned. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 77, 239 A.2d 500; *Bartlett* v. *Flaherty,* 155 Conn. 203, 205, 230 A.2d 436.

The defendant's primary claim is that as judgment was rendered more than two years after the commencement of this action to foreclose the mechanic's lien, it is barred by statute. General Statutes § 49-39, which was in force at the time this cause of action accrued, and also at the time this action was commenced, provided, in part, that "[n]o mechanic's lien shall continue in force for a longer period than two years after such lien has been perfected, unless the party claiming such lien, within said period, commences an action to foreclose the same and proceeds therewith to final judgment."

Public Acts 1965, No. 193 was enacted in June, 1965, repealing § 49-39 of the General Statutes and substituting in lieu thereof: "No mechanic's lien shall continue in force for a longer period than four years after such lien has been perfected, unless the party claiming such lien commences an action to foreclose the same . . . within two years from the date such lien was filed with such town clerk and then proceeds therewith to and obtains final judgment within the next two years from the date such action was commenced. . . . An action to foreclose a mechanic's lien shall be privileged in respect to assignment for trial." Public Acts, Spec. Sess., Feb., 1965, No. 193. This act became operative on October 1, 1965. An amendment effectuated by 1969 Public Acts No. 732 is not material to this case.

The defendant has assigned as error the trial court's conclusion that Public Acts 1965, No. 193, hereinafter referred to as § 49-39, does not operate retroactively and does not apply to an action pending at the date it became operative. He asserts that the court, consequently, erred in overruling his claim that the mechanic's lien was invalid because the plaintiff failed to proceed to judgment within two

years after the institution of suit or the passage of § 49-39. More than four years elapsed between the time the cause of action accrued and judgment and more than two years elapsed from the time the action was commenced and judgment rendered. Section 49-39 was enacted and became effective subsequent to the time this action was commenced, but it was in effect at the time judgment was rendered. Since this statute provides that judgment must be obtained within two years of the commencement of the suit and also that judgment be final within four years of the accrual of the cause of action, this action would be barred if the statute is construed to be retrospective.

The determination of whether a statute is retrospective presents a question of legislative intent, and where there is no specific provision to that effect, the question becomes one of presumed intent. *Demarest* v. *Zoning Commission,* 134 Conn. 572, 575, 59 A.2d 293. In this instance, § 49-39 is silent as to its retroactive applicability. Where that is the situation, the rule to be applied to determine whether it is prospective or retroactive, depends, in some measure, on whether it affects substantive or procedural matters.

Section 49-39 makes no change in the substantive law and does not alter in any way any substantive rights of the plaintiff. Section 49-39 is in the nature of a statute of limitations which provides, in essence, that a claim arising out of a mechanic's lien shall not be enforceable in the courts after the lapse of a specified period of time. Such a statute is generally considered to be procedural especially where, as here, the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. See 51 Am. Jur. 2d 605,

Limitation of Actions, § 21; see also *Davis* v. *Mills,*
194 U.S. 451, 454, 24 S. Ct. 692, 48 L. Ed. 1067;
*Morris Plan Industrial Bank* v. *Richards,* 131 Conn.
671, 673, 42 A.2d 147.  For the foregoing reasons
§ 49-39 must be deemed to be essentially procedural.

Since § 49-39 is general in its terms and is proce-
dural, it would ordinarily be applied retroactively to
all actions whether pending or not at the time the
statute became effective, in the absence of any ex-
pressed intention to the contrary.  *Schurgast* v.
*Schumann,* 156 Conn. 471, 487, 242 A.2d 695; *Lavieri*
v. *Ulysses,* 149 Conn. 396, 401, 180 A.2d 632; *E. M.
Loew's Enterprises, Inc.* v. *International Alliance,*
127 Conn. 415, 418, 17 A.2d 525.  Although only the
remedy is affected by § 49-39, the legislative intent
is not presumed merely because it concerns remedy
alone.  "[O]ur test of whether a procedural statute
is to be applied retroactively, absent any specific
provision in the statute on the point, is not a purely
mechanical one.  Even if the statute is procedural,
it will not be applied retroactively if considerations
of good sense and justice dictate that it not be so
applied."  *Carvette* v. *Marion Power Shovel Co.,*
157 Conn. 92, 96, 249 A.2d 58; see *Lane* v. *Hopfeld,*
160 Conn. 53, 60, 273 A.2d 721; *Lavieri* v. *Ulysses,*
supra; *E. M. Loew's Enterprises, Inc.* v. *Interna-
tional Alliance,* supra.

As has been pointed out, § 49-39 requires not only
that the action to foreclose a mechanic's lien be
brought within two years from the date such lien
was filed but also that final judgment be obtained
within two years from the date such action was com-
menced.  This statute was enacted in June, 1965, and
became effective on October 1, 1965.  If the statute
is construed to be retroactive, under its terms the
plaintiff, which commenced its action in April, 1965,

had approximately eighteen months from the effective date of the statute to obtain a final judgment. Those, however, who had cases pending for two years or more would have had only the four-month period between the enactment of the statute and its effective date to reduce their liens to judgment. We note that the summer court recess, then in effect, would be included in the four-month period. The decision to sue is the plaintiff's alone, and once his cause of action accrues he can institute a suit at any time, but the length of time which it takes for a final judgment to be rendered is a matter over which he has far less control. Thus, it might well be difficult, if not impossible, for some to obtain judgment within this four-month period. It is true that the statute provides that an action to foreclose a mechanic's lien "shall be privileged in respect to assignment for trial." Since, however, the statute did not become effective until October 1, 1965, those who had actions pending for two or more years could not have availed themselves of this provision so as to obtain judgment before the effective date of the statute. Good sense and judgment can hardly be said to dictate penalizing a plaintiff for failure to obtain a final judgment within a certain time limit due to at least some factors beyond the plaintiff's control. Hence, the conclusion is inescapable that the statute should not be construed as retroactive to pending actions such as the one here in issue. *Lane* v. *Hopfeld,* supra, 61; *Reese* v. *Reese,* 136 Conn. 191, 194, 70 A.2d 123.

The defendant's next claim is that the trial court erred in rendering judgment for the plaintiff because the general contractor was not made a party to the action. He has assigned error in the court's overruling of his claim that the general contractor

was a necessary party to the action. This court has stated that the general contractor should be made a party to an action for foreclosure of a subcontractor's lien in cases where the amount due the general contractor is a material issue. *Pierce, Butler & Pierce Mfg. Corporation* v. *Enders,* 118 Conn. 610, 614, 174 A. 169. Here, however, the amount due the general contractor was not in issue and it was not a necessary party.

Even assuming, arguendo, that the general contractor was a necessary party to this action, the defendant, in effect, waived the nonjoinder of the general contractor. The pleadings had been closed on May 11, 1966. On November 10, 1969, the defendant filed two special defenses, the second of which was that the contractor had not been made a party to the action. These two special defenses were never withdrawn. On the day of trial, the defendant filed "an amendment" omitting the second special defense. On the same day, counsel also expressly stated to the court that he did not press the previously filed special defense. The finding does not reveal just when the defendant first made his present objection to the nonjoinder of the general contractor, but the defendant in his brief concedes that this objection was not raised until after completion of the evidence. Since the defendant waived any objection to the nonjoinder of the general contractor at the start of the trial, he cannot take advantage of such nonjoinder after the trial on the merits. See Practice Book § 62; *Commercial Discount Co.* v. *Plainfield,* 120 Conn. 274, 279, 180 A. 311; *Loomis* v. *Hollister,* 75 Conn. 275, 278, 53 A. 579.

The defendant also claims that the trial court erred in rendering judgment for the plaintiff since the plaintiff did not introduce evidence that a notice

of intent to file a mechanic's lien had been served on the defendant. The defendant has assigned error in the court's overruling of his claim that such notice must be introduced into evidence. The complaint alleged that due notice of the intention to claim a lien was sent to the defendant on September 22, 1964, and that the return of the original notice with the return receipt signed by the defendant was received by the plaintiff on September 28, 1964. The defendant admitted this allegation in his answer. This was a judicial admission conclusive on the defendant and the matter admitted was not in issue. See Practice Book § 116; *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 177, 224 A.2d 236; *DelVecchio* v. *DelVecchio,* 146 Conn. 188, 191, 148 A.2d 554; *Bridgeport* v. *Stratford,* 142 Conn. 634, 646, 116 A.2d 508. Consequently, it was not necessary for the plaintiff to introduce into evidence the notice of intent to file a mechanic's lien.

Finally, the defendant assigns error in the overruling of his claim for damages under his counterclaim for the alleged delay of the plaintiff in completing the clearing and cleaning of the site pursuant to its agreement with the general contractor. The trial court found that the defendant offered no evidence as to damages under his counterclaim and made no mention of such damages in his draft finding. This finding has been attacked by the defendant. The defendant, however, has not printed an appendix to his brief containing evidence to establish that he did offer evidence of damages. Hence, the challenged finding must stand. It was incumbent on the defendant to offer evidence sufficient to prove the damages claimed. It follows that the defendant was not entitled to damages under his counterclaim.

The defendant has pursued several other assignments of error relating to the trial court's conclusions. We need not, however, review these conclusions, since they would not affect the final result. *Covino* v. *Pfeffer,* 160 Conn. 212, 217, 276 A.2d 895; *Fritz* v. *Mazurek,* 156 Conn. 555, 561, 244 A.2d 368; *Goldstein* v. *Hartford,* 144 Conn. 739, 740, 131 A.2d 927.

The judgment file fails to dispose of the counterclaim. The court, however, specifically found the issues under the counterclaim for the plaintiff, and the judgment file should be corrected to record a judgment for the plaintiff on the counterclaim.

There is error in the form of the judgment, it is set aside and the case is remanded with direction to render judgment as on file except as corrected to accord with this opinion.

In this opinion the other judges concurred.