In this action brought by the plaintiff on a promissory note executed by the defendant on September 5, 1961, the essential facts are not in dispute. The last payment on the note was made by the defendant on April 26, 1962. The action was begun on August 2, 1971. The defendant, by special defense, pleaded that the cause of action was barred by the six-year Statute of Limitations. The plaintiff moved for summary judgment and filed an affidavit indicating the balance due and the date of the last payment. The defendant filed a counter affidavit, *Page 598 
stating therein that she had no intention of placing a seal upon the note or of entering into any sealed instrument or of adopting the seal for the note. She stated that she had no intention of causing a seventeen-year Statute of Limitations to apply and that there was no discussion of the seal or of the seventeen-year statute when she signed the note. The note is nonnegotiable. The court granted the plaintiff's motion for summary judgment, and the defendant has appealed.
The plaintiff contends that the seventeen-year Statute of Limitations is applicable. The defendant's claim is (1) that the applicable statute is the six-year statute in effect when the action was brought, and not the seventeen-year statute as to nonnegotiable promissory notes in effect when the note was signed, and (2) that the note here is not an instrument under seal, so the seventeen-year statute is inapplicable.
At the time the note in question was executed, § 52-573 of the General Statutes provided that no action shall be brought on any contract under seal, or promissory note not negotiable, but within seventeen years next after an action on the same accrues. Section 52-576 then provided that no action on any simple or implied contract, or upon any contract in writing "not under seal, except promissory notes not negotiable, shall be brought but within six years next after the right of action accrues.
The 1959 session of the legislature amended § 52-573 by deleting the words "or promissory note not negotiable," and amended § 52-576 by deleting the words "except promissory notes not negotiable."[1]
The amendments became effective October 1, *Page 599 
1961. Public Acts 1959, No. 574 §§ 7, 8, 10. Accordingly, the amendments became effective less than one month after the plaintiff's note was executed; also, when this action was brought, the six-year Statute of Limitations was in effect as to nonnegotiable promissory notes not under seal, and the seventeen-year statute applied to contracts under seal.
Both parties agree that the sole issues in this appeal are (1) whether the nonnegotiable promissory note upon which suit was brought bears, by virtue of its being nonnegotiable, a seventeen-year period of limitation, or a six-year period, and (2) whether the promissory note is an instrument under seal, having, as such, a seventeen-year period of limitation. In other words, the plaintiff is entitled to recover if the amendment reducing the Statute of Limitations for nonnegotiable notes to six years does not apply or if the note is one under seal.
Under the first issue, since the note here was executed on September 5, 1961, and therefore prior to the effective date of the amendments of October 1, 1961, the question is whether the amendments were retroactive so as to apply to notes executed prior to the effective date. In support of its contention that the amendments are not retroactive, the plaintiff relies on § 55-3 of the General Statutes, which reads as follows: "No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect."
The plaintiff argues that the shortening of the period of limitation did impose a new obligation on creditors such as the plaintiff — the obligation to bring suit in a much shorter period of time — and, accordingly, § 55-3 applies to prevent § 52-573 from having a retrospective effect. *Page 600 
"The determination of whether a statute is retrospective presents a question of legislative intent, and where there is no specific provision to that effect, the question becomes one of presumed intent." Jones Destruction, Inc. v. Upjohn,161 Conn. 191, 195; Demarest v. Zoning Commission,134 Conn. 572, 575. In this instance the 1959 amendments to §§ 52-573 and 52-576 are silent as to retroactive applicability. Where that is the situation, the rule to be applied to determine whether they are prospective or retroactive depends, in some measure, on whether they affect substantive or procedural matters. Jones Destruction, Inc. v. Upjohn,
supra. A statute of limitations is generally considered to be procedural, especially where, as here, the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. Ibid. Sections 52-573
and 52-576 are therefore procedural.
Since § 52-573 is general in its terms and is procedural, it would ordinarily be applied retroactively to all actions, whether pending or not at the time the statute became effective, in the absence of any expressed intention to the contrary. Schurgast v.Schumann, 156 Conn. 471, 487; Lavieri v. Ulysses,149 Conn. 396, 401. Although only the remedy is affected by § 52-573, the legislative intent is not presumed merely because it concerns remedy alone. "Even if the statute is procedural, it will not be applied retroactively if considerations of good sense and justice dictate that it not be so applied." Carvette
v. Marion Power Shovel Co., 157 Conn. 92,96; Lane v. Hopfield, 160 Conn. 53, 60. It was not so applied, in Jones Destruction, Inc. v. Upjohn,
supra, to a pending action of foreclosure of a mechanic's lien, because those who had cases pending for two years or more would have but four months between the enactment of the statute and *Page 601 
its effective date to reduce their liens to judgment; the holding there was based on "good sense and justice." See Diamond National Corporation v.Dwelle, 164 Conn. 540, 544. If a retroactive effect would result in substantial injustice, it will not be given. Carvette v. Marion Power Shovel Co.,
supra, 97.
Finally, it has been noted above that the 1959 amendment to § 52-573 does not contain language making it expressly retroactive; it has been noted also that as regards statutes that are general in their terms and affect matters of procedure the presumption is that they are intended to apply in all actions, whether pending or not. This presumption is of legislative intent. Reese v. Reese, 136 Conn. 191,194. It cannot be said, however, that the amendment is completely silent as to legislative intent, inasmuch as it did not become effective until October 1, 1961. It is the considered judgment of this court that such a postponement of the time when a limitation statute becomes effective is, in itself, in view of the presumed intent of the legislature as regards statutes general in terms and procedural, the one act which must completely dispel any remaining doubt and dispose of any claim regarding nonretroactivity.
The remaining issue to be determined is whether the promissory note here is an instrument under seal. Despite the resolution of the first issue in favor of the defendant, the plaintiff must nevertheless prevail unless the note was one not under seal.
Apart from the representations of the defendant contained in the affidavit noted previously, the only evidence is the note itself. It appears not unusual in any respect, but above the place of the signatures of the maker is the expression, "Witness the hands and seals of the undersigned the day of the date *Page 602 
hereof above written"; also, after each signature the printed word "seal" appears in parentheses. The note is a printed from and to the left of the space for signatures are spaces for "Witnesses." The signature of the defendant appears to have been witnessed by two individuals. There is no acknowledgment clause.
Section 52-179 of the General Statutes provides: "All instruments in writing executed by any person ... purporting and intended to be a specialty or under seal, and not otherwise sealed than by the addition of the word `seal' or the letters `L.S.,' ... shall be deemed in all respects sealed instruments, and received in evidence as such." The leading case is Caputo v. DiLoretto, 110 Conn. 413, 416, which provides a judicial interpretation of the two conditions, "purporting and intended": "The customary phrases, `signed and sealed' or `given under my hand and seal' or some similar phraseology would constitute such a recognition, and the instrument would then be one purporting to be a specialty. The fact that the maker of the instrument himself wrote the word `seal' or the letters `L.S.' after his signature at the time that he executed it, or that the instrument was one whose validity was dependent upon its being under seal, might indicate his intention."
In the case before us, we are satisfied that the promissory note meets the condition of "purporting" to be a specialty or under seal, by virtue of the expression "Witness the hands and seals of the undersigned" when combined with the word "seal." See Beach v. Beach, 141 Conn. 583, 593.
The remaining question concerns the intention requirement — whether the defendant intended her signature to be under seal. In resolving this issue we are mindful that a note is not the type of transaction which is customarily a sealed instrument. A note is not by law required to be under seal, nor is *Page 603 
a note such a serious undertaking that the parties would intend it to be under seal. Also, in the instant case there is no evidence aliunde that the defendant intended to adopt and did adopt the word "seal" or that she was in any manner aware of or understood the significance of the word "seal." Rather, the evidence aliunde is expressly to the contrary. As a consequence, we find the element of intention lacking; i.e., we find that the defendant did not have the intention that her signature be under seal or that the note be a specialty agreement.
The trial court found as a matter of law that the note here was under seal. "Whether an instrument is under seal or not is a question for the court upon inspection; whether a mark or character shall be held to be a seal depends upon the intention of the executant, as shown by the paper." Jacksonville,M., P. Ry. Nav. Co. v. Hooper, 160 U.S. 514,519; Caputo v. DiLoretto, supra, 415. In the case before us, although we are satisfied that the promissory note purports to be a specialty or under seal, we hold as a matter of law that the intention requirement is lacking, and, accordingly, we determine that the six-year Statute of Limitations rather than the seventeen-year statute is applicable. The special defense of the Statute of Limitations is sustained and the action on the note is barred thereby.
In concluding our opinion, we feel that we would be exceedingly remiss if we did not comment on the excellence of the briefs and oral arguments, for which we commend both counsel.
 There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.
In this opinion CIANO and SPONZO, Js., concurred.