[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brought this summary process action on the basis of serious nuisance, in violation of section 47a-11(g). Defendant Boria asserted as a special defense plaintiff's failure to have served a termination notice advising her of her right to request a grievance hearing under24 C.F.R. § 966.4.
The evidence at trial established that the New Britain police executed a search warrant for 201 Malikowski Circle, New Britain, on December 31, 1987 at about 5:00 p. m. Ms. Boria and two young children were present. On her person, Ms. Boria had a Sucrets can which contained eleven half-gram packets of cocaine and $380.00. In her bedroom were found $1,170.00 in bills, a folded dollar bill with white powder on it and $2.78 in coins. The evidence further established that the search warrant was issued after an undercover purchase of cocaine in 201 Malikowski Circle. Based on the testimony at trial, the court finds that the premises occupied by Ms. Boria were used by her for the illegal sale of drugs. Based on the quantity of cocaine seized from Ms. Boria's person and its packaging, an inference can be drawn that she possessed it with the intent to sell it.
Defendant has argued strenuously that federal law required that she be given a grievance hearing before this summary process action was brought. Compliance with federal requirements governing public housing is required. Jefferson Garden Associates v. Greene, 202 Conn. 128 (1987). The United States Housing Act of 1937, as amended, 42 U.S.C. § 1437, et seq., contains requirements which plaintiff must meet. Section 1437d(k) requires a grievance procedure, but allows agencies like plaintiff to exclude from the procedure grievances concerning an eviction or termination of tenancy in jurisdictions in which the Secretary of the Department of Housing and Urban Development has determined that tenants are accorded, prior to eviction, a court hearing which comports with due process. On June 28, 1989, the Secretary made such a determination with regard to Connecticut. Defendant argues that such a determination cannot be given retroactive effect. Ordinarily, statutes which CT Page 2198 are procedural in nature are applied retroactively to all actions pending at the effective date, unless considerations of justice and good sense dictate otherwise. Jones Destruction, Inc. v. Upjohn, 161 Conn. 191, 196 (1971). The court notes that plaintiff has consistently maintained the position that no grievance procedure was required by federal law because defendant's actions threatened the safety of other tenants.24 C.F.R. § 966.51 (a). This court has held that use of premises for the illegal sale of drugs does constitute a threat to the health and safety of other tenants and employees of a public housing authority. Hartford Housing Authority v. Amalbert, Docket No. 8801-42175 (1988) #H857.
Defendant Boria also argues that Secretary Kemp's determination that Connecticut's summary process eviction procedures provide the elements of due process does not meet the requirements of the Administrative Procedures Act,5 U.S.C. § 551, and is invalid. She claims that the determination constitutes rule-makings, requiring notice and comment before adoption. The court agrees with Judge Eginton that this is not the case. See Riverside Tenants Assoc. v. Kemp, Docket No. N 89-545 (WWE) (February 5, 1990) (D.Conn.). Rather, the Secretary, under the mandate of sec. 42 U.S.C. § 1437d(k), engaged in informal adjudication which need not be preceded by notice and comment. Riverside Tenants Assoc. v. Kemp, at 6.
Since Ms. Boria was not entitled to a grievance hearing prior to this eviction action, her special defense must fail. Plaintiff has proven its case and is entitled to a judgment of possession.
WENDY W. SUSCO JUDGE, SUPERIOR COURT