[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff is the mother-in-law of the defendant. The defendant and the plaintiff's daughter, Joanne G. Lewis, who is now deceased, signed a $30,000 note to the plaintiff on May 16, 1977. The note was a demand note with interest at the rate of 6% per year. At one point the plaintiff was going to cancel the note but was unable to find it in her safe deposit box and a copy was produced at the hearing. The box was jointly held with her daughter who may have removed the note. When problems developed later between the plaintiff and her daughter the plaintiff decided to call the note. Demand was made in September, 1990 for payment of the note, but it remains unpaid. No other material evidence was presented to the court either in the affidavit or at the hearing on the prejudgment remedy.
In order to obtain a prejudgment remedy [PJR] under section52-278d of the General Statutes, a plaintiff has to show probable cause to sustain the validity of the claim. Three S Development Co. v. Santore, 193 Conn. 174, 175. While proof of probable cause is not as demanding as proof by a preponderance of the evidence, Ledgebrook Condominium, Inc. v. Lusk Corporation, 172 Conn. 577,583, there must be some evidence in support of the essential elements of the cause of action asserted in the complaint. The court has discretion in weighing probabilities from the evidence presented. Williams v. Bartlett, 189. Conn. 471, 483. A defendant can raise a clear legal defense which shows that there is no probable cause that judgment will be rendered at a trial on the merits in favor of the plaintiff. New England Land Co. Ltd. v. DeMarkey, 213 Conn. 612, 623.
The defendant has raised a defense of the statute of limitations. This was known to the plaintiff before the hearing, but no evidence was presented which could be construed as a waiver CT Page 7382 of the statute of limitations by the defendant. There was no evidence of an additional promise to pay on the note or any evidence of partial payments or any acknowledgment of the debt. The note dated May 16, 1977 states that it is payable on demand. A cause of action on a note accrues against the maker on the day after maturity in the case of a time instrument, and in the case of a demand instrument upon its date, or if no date is stated, on the date of issue. Section 42a-3-122 (1) Connecticut General Statutes. The statute of limitations for an action on a note is six years after the right of action accrues. Section 52-576 Connecticut General Statutes. See also American Finance Co. Inc. vs. Lawler,30 Conn. Sup. 596, 598, 603; Marlin Rockwell Employees Credit Union v. Brown, 3 Conn. Cir. Ct. 569, 570. The statute of limitations barred collection of the note as of May 16, 1983. Since the plaintiff produced no evidence which would negate a statute of limitations defense there is insufficient evidence of probable cause that the plaintiff can recover on the $30,000.00 note. The limited weighing process with a PJR applies not only to the factual issues, but also the legal ones. Babiarz v. Hartford Special, Inc., 2 Conn. App. 388, 393. A legal defense can be raised at a PJR hearing and does not have to be postponed for consideration until trial. New England Land Co. Ltd. v. DeMarkey, supra, 623. While not essential to the disposition of the PJR, the plaintiff's testimony shows that she would have cancelled the note anyway at some time prior to September, 1990 except she could not find it in her safe deposit box.
The application for a PJR is denied.
ROBERT A. FULLER JUDGE