[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
Vishno Rieger for plaintiff.
Pro se defendant.
On or about May 16, 1994, plaintiff People's Bank (Bank) commenced the instant action against defendant Brenda L. Gordon (Ms. Gordon) by serving her with a verified true and attested copy of its original Writ, Summons and Complaint herein. In its Complaint, the Bank alleged that Ms. Gordon has defaulted in her payments under the terms of a credit card agreement which it and she entered into on September 11, 1989. As a result of Ms. Gordon's alleged default, the Bank contends that under the terms of her credit card agreement, she now must pay the entire unpaid balance of her account plus interest from March 29, 1994 and costs, including court costs, collection agency costs and a reasonable attorney's fee.
On or about June 14, 1994, Ms. Gordon filed with this Court a signed, handwritten document entitled "Answer." In that document, Ms. Gordon did not respond to the allegations of the Bank's Complaint, either paragraph by paragraph or otherwise, but instead made the following general statement as to the distressed condition of her personal and family finances:
Answer
 I, Brenda Gordon, very much wants [sic] to pay anyone I owe but lately I haven't had enough money to feed my family, since my husband had a massive stroke and I had to get State Welfare to help out with a medical card for my husband plus a home nurse to come here CT Page 7841 every Monday to take blood from him because he's on medication, I didn't have a job at that time, plus I'm head of household now and it [sic] very hard on me to try and provide from [sic] the children that's still in school. The State won't even give me a medical card for the child that needs it. They haven't been to the doctor since 1991. I don't have any money on hand for that but I still want to pay everybody I owe and I lost my mother and father.
 Signed, Brenda Gordon
The Bank has responded to Ms. Gordon's "Answer" by filing a Motion for Summary Judgment, wherein it asks this Court to treat the foregoing statement as a general admission of liability, and on that basis to conclude that there is no genuine issue of material fact as Ms. Gordon's liability to pay it to damages based on the allegations of Complaint. For the following reasons the Court disagrees with the Bank and denies its Motion for Summary Judgment.
A party is entitled to summary judgment when the pleadings, affidavits and other materials submitted in support of its motion show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Practice Book § 384. The movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Dougherty v. Graham,161 Conn. 248, 250 (1971).
In this case the Bank's Motion is unsupported by affidavits or other materials tending to substantiate the elements of its liability claim. Instead of submitting such materials, the Bank has relied exclusively on what it claims to be judicial admissions of liability in Ms. Gordon's above-described "Answer."
It is true, of course, that once a fact is judicially admitted in a defendant's answer, it is admitted for the purposes of the case in which it is made, and is binding on the party who makes it. James Destruction v. Upjohn,161 Conn. 191, 199 (1971). The question thus arises whether CT Page 7842 the statements contained in Ms. Gordon's "Answer" can fairly be construed as judicial admissions of each essential element of the Bank's liability claim. If they cannot, then in the absence of other affidavits or documentary proof tending to establish those essential elements, the Bank's Motion for Summary Judgment must be denied.
To establish all the essential elements of its cause of action against Ms. Gordon, the Bank must prove that she is currently indebted to it because of her failure to make timely payments under the terms of her credit card agreement. Though the defendant, in her Answer, suggests generally that she has many just debts which she would be happy to pay off if her personal financial circumstances permitted, she never even references the alleged debt which is the subject matter of this lawsuit, much less admits that it is just, due and owing at this time. In short, though Ms. Gordon's Answer does not purport to deny the claimed debt, it does not admit it either.
In sum, because Ms. Gordon's Answer does not constitute a judicial admission of liability in this case, the Bank's Motion for Summary Judgment must be denied.
It is so ordered this 3rd day of August 1994.
Michael R. Sheldon Judge