[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a prejudgment remedy application for the collection of a promissory note co-signed by the defendant. The note is dated August 18, 1988 in the amount of $50,000. Plaintiff alleges a principal balance due in default of $26,000. On or about February 15, 1995, plaintiff filed this prejudgment remedy application. Defendant claims that the action is barred by the statute of limitations. The subject note is a demand note. Plaintiff made a written demand upon defendant for payment of the entire note on September 13, 1991.
At the time of the execution of the note General Statutes § 42a-3-122 provided the time for accrual of a cause of action against a maker with respect to demand notes ". . . (b) in the case of a demand instrument upon its date or, if no date is stated, on the date of issue." The limitation of action at that time was six years. General Statutes § 52-576.
Public Act 91-304 changed the time for accrual of action to the time of demand for payment and under certain circumstances extended the time limitation beyond six years. P.A. 91-304 is codified in General Statutes § 42a-3-118 in pertinent part as follows:
 "if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note must be commenced within six years after the demand. If no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years."
The primary issue here is whether the provision of P.A. 91-304
is retroactive and thereby changes the date for commencement of the minimum six year period of the statute of limitations to the date CT Page 5695 of demand. If it does, the six year statute would begin to run on September 13, 1991 making the subject application for prejudgment remedy well within the statute of limitations, the right to such application not being barred until September 13, 1997. The parties conceded at oral argument, as well they must, that if this provision of P.A. 91-304 is retroactive, the defense of the running of the statute of limitations must fail.
Neither P.A. 91-304 nor the legislative history thereof give any indication of whether the Public Act is to be applied retroactively or prospectively.
However, the Supreme Court in Roberts v. Caton, 224 Conn. 433,488-89 (1993) held that a prejudgment remedy application was properly granted because a change in the statute of limitations was retroactive. The court stated, inter-alia:
 "We begin our analysis by restating the general proposition that statutes of limitation are presumed to apply retroactively. See Moore v. McNamara, 201 Conn. 16, 22, 513 A.2d 660 (1986); Andrulat v. Brook Hollow Associates, 176 Conn. 409, 412-13, 407 A.2d 1017 (1979); Jones Destruction, Inc. v. Upjohn, 161 Conn. 191, 195-96, 286 A.2d 308 (1971). Although substantive legislation is not generally applied retroactively absent a clearly expressed legislative intent, legislation that affects only matters of procedure `is presumed to [be] applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary.' Lavieri v. Ulysses, 149 Conn. 396, 401, 180 A.2d 632 (1962); E. M. Loew's Enterprises, Inc. v. International Alliance, 127 Conn. 415, 418, 17 A.2d 525 (1941). Statutes of limitation are generally considered to be procedural, `especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. . . .' (Citation omitted.) Moore v. McNamara, supra, 22; Jones Destruction, Inc. v. Upjohn, supra, 195. Therefore, unless specifically tied to a statutory right of action or unless a contrary legislative intent is expressed, the statute of limitations in effect at the time an action is filed governs the timeliness of the claim. See Andrulat v. Brook Hollow Associates, supra, 413; Bohun v. Kinasz, 124 Conn. 543, 547, 200 A. 1015 (1938)."
CT Page 5696
Referring to the rule that a statute of limitations is generally considered procedural, the Appellate Court in Aetna Life Casualty Co. v. Braccidiferro, 34 Conn. App. 833 (1994) stated: "This is so because it is considered that the limitation merely acts as a bar to a remedy otherwise available."
This court finds that there has been and is a common law right to sue on a promissory note. That right existed prior to any statute of limitations and any changes therein, including those inP.A. 91-304. The statute of limitations did not create the right of action. Therefore, it is not substantive legislation, and is procedural.
The claim that other rights or obligations were in P.A. 91-304
and were substantive is not relevant. The provision that changes the time the statute of limitations begins to run must be considered by itself and is a change in the statute of limitations not only by extending it beyond six years in certain circumstances but in changing the time when the statute of limitations begins to run.
Accordingly, the court finds P.A. 91-304 to be a procedural change as to the statute of limitations and, therefore, retroactive. The statute of limitations, based upon the demand of September 13, 1991 is not a bar to the plaintiff's action.
Rittenband, J.