[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, City of Ansonia, had filed a multi-count complaint to foreclose on property located at 560 Wakelee Avenue, Ansonia, Connecticut owned by the defendant, A.W. Beard Construction Corp., for unpaid property taxes. In counts one through sixteen, the complaint alleges that the plaintiff filed a certificate of lien on its lands records on March 31, 1980, March 31, 1981, March 31, 1982, March 31, 1983, March 31, 1984, March 29, 1985, March 31, 1986, March 31, 1987, March 31, 1988, March 31, 1989, March 31, 1990, April 1, 1991, April 1, 1992, March 31, 1993, March 31, 1994, and January 31, 1995 for unpaid taxes due on April 1, of each year from 1979 through 1993 and on January 1, 1994. In count seventeen, the plaintiff alleges that there are unpaid taxes due on July 1, 1994.
On May 20, 1996, the plaintiff filed a demand for disclosure of defense. On June 10, 1996, the defendant filed an answer and special defense. As to counts one through eight, the defendant states that the rights of action did not accrue within ten years before the commencement of this action pursuant to General Statutes § 12-175 and is therefore barred by the statute of limitations.
On August 8, 1996, the plaintiff filed a motion to strike the defendant's disclosure of defense, answer and special defense on the ground that the foreclosure action is not barred by the statute of limitations. In compliance with Practice Book § 154, the plaintiff also filed a supporting memorandum of law. On November 7, 1996, the defendant filed an objection to the plaintiff's motion to strike and a supporting memorandum of law. CT Page 7091
A motion to strike may be used to attack the legal sufficiency of a special defense. Nowak v. Nowak, 175 Conn. 112,117, 394 A.2d 716 (1978). See also Connecticut National Bank v.Voog, 233 Conn. 352, 354-55, 659 A.2d 172 (1995). "In its ruling on the. motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992).
This court had already decided that a motion to strike cannot be directed at a disclosure of defense because Practice Book § 152 does not enumerate it as a pleading that may be stricken. See Szabo v. Scopp, Superior Court, Judicial District of Ansonia/Milford, Docket No. 046555 (August 31, 1994, Curran, J.) and Derby Savings Rank v. Benedett, Superior Court, Judicial District of Ansonia/Milford, Docket No. 0050760 (April 23, 1996, Curran, J.). Therefore, the court denies the plaintiff's motion to strike the defendant's disclosure of defense.
In its memorandum of law in support of its motion to strike the defendant's special defense, the plaintiff argues that the statute of limitations does not bar this foreclosure action because General Statutes § 12-175 allows the tax collector to continue any tax lien on real property by filing a certificate pursuant to General Statutes § 12-173. The plaintiff states that Public Act 85-396 extended the term of such a lien from ten to fifteen years. The plaintiff further contends that §12-175 is procedural in nature and is therefore retroactive. "A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action." Moore v. McNamara, 201 Conn. 16, 22. See also Town of Voluntown v. Pine Valley Estates, Inc., Superior Court, Judicial District of New London at Norwich, Docket No. 094440 (September 23, 1991, Axelrod, J., 6 CSCR 958) (holding that § 12-175 should be construed as a procedural limitation and is to be applied retroactively).
"The determination of whether a statute is retrospective presents a question of legislative intent, and where there is no specific provision to that effect, the question becomes one of presumed intent. . . . [T]he rule to be applied to determine CT Page 7092 whether [a statute] is prospective or retrospective, depends, in some measure, on whether it affects substantive or procedural matters." Jones Destruction Inc. v. Upjohn, 161 Conn. 191, 195,286 A.2d 308 (1971). "A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create a right of action." Moore v.McNamara, supra, 201 Conn. 22-23.
P.A. 85-396 contains no specific provision as to whether the statute is prospective or retrospective. Thus the issue before the court is whether § 12-175 creates a right of action and fixes the time within which the right must be enforced. It is undisputed that § 12-175 fixes a time within which the right to foreclose must be enforced. The other element is whether §12-175 creates the right of action. The right to a tax lien is not created by § 12-175 but rather by § 12-172. Since § 12-175 contains only a limitation as to the time with respect to the right of action created by § 12-172, and does not itself create the right of action, it is considered to be procedural.
Having concluded that § 12-175 should be construed as a procedural limitation on available remedies rather than as a substantive limitation on rights conferred, this court therefore holds that the amendment to § 12-175 that extended the period of time to commence foreclosure from ten years to fifteen years is to be applied retroactively. See Town of Voluntown v. PineValley Estates, Inc., supra, (holding that § 12-175 should be construed as a procedural limitation and is to be applied retroactively).
Additionally, this court finds no merit to the defendant's arguments that the liens are invalid due to lack of notice and that the lack of notice results in an injustice. General Statutes § 12-175 provides in relevant part that "[f]ailure to notify such owner shall not affect the validity of the lien." For the above noted reasons, the court grants the motion to strike the special defense as to counts one through six.
A municipality may continue any tax lien by certificate pursuant to §§ 12-173 and 12-175. Failure to comply with their requirements is a valid defense to their enforcement. See Town ofVoluntown v. Pine Valley Estates, Inc., supra, (granting defendant's motion to dismiss counts where tax liens not filed CT Page 7093 within one-year period). Thus the court denies the plaintiff's motion to strike the defendant's answer that the statute of limitations is a valid defense to count seven because of the plaintiff's failure to file a certificate and to counts twelve, thirteen, sixteen and seventeen because the continuance of lien was not filed within the one year time limitation pursuant to § 12-175.
The Court
By ________________ Curran, J.