[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On February 3, 2000, the plaintiff, the town of Oxford (town), filed a seven count complaint, seeking to foreclose on property owned by the defendants, Henry J. Dalling and Richard Dalling, for unpaid taxes. Counts one through six allege that the town filed certificates to continue its liens on the land records as follows: count one alleges that a certificate of lien in "the amount of $21,332.86 was filed on September 27, 1994, for taxes due on July 1, 1993; count two alleges that a certificate of lien in the amount of $22,593 was filed on August 31, 1995, for taxes due on July 1, 1994; count three alleges that a certificate of lien in the amount of $22,544.22 was filed on April 30, 1996, for taxes due on July 1, 1995; count four alleges that a certificate of lien in the amount of $23,609.24 was filed on April 17, 1997, for taxes due on July 1, 1996; count five alleges that a certificate of lien in the amount of $5,934.42 was filed on April 23, 1998, for taxes due on July 1, 1997; and count six alleges that a certificate of lien in the amount of $6,229.74 was filed on May 26, 1999, for taxes due on July 1, 1998. Count seven alleges that the taxes CT Page 5741-cu referred to in counts one through six remain unpaid and that the town seeks to foreclose its liens, pursuant to General Statutes § 12-163, for all taxes on the grand list as of October 1, 1998.
On July 6, 2000, the defendants filed identical revised answers and special defenses. Their first special defense is directed at counts one and two. It alleges that the liens referred to in those counts are invalid because the certificates to continue those liens were not filed within the one year period required by General Statutes (Rev. To 1996) § 12-175.[1] Their second special defense is directed at counts one through four. It alleges that the amounts that the town claims to be due in those counts were erroneously calculated. The defendants allege that the subject property, which at the time of the assessments was being used for residential purposes, was taxed, instead, as a commercial gravel pit. They further allege that the town, upon realizing its mistake, reduced its assessment of the defendants' property for the 1996 grand list. It did not, however, correct its assessment errors for the 1993 through 1995 lists. The defendants contend that because the taxes that the town levied were based on an erroneous and excessive assessment, they are unlawful and, accordingly, the liens securing these taxes are unenforceable in an equitable proceeding, such as the present foreclosure action. The defendants' third special defense simply alleges that count seven fails to state a claim upon which relief can be granted.
On September 8, 2000, the town filed a motion to strike the defendants' special defenses. The town also filed a supporting memorandum of law as required by Practice Book § 10-42. On November 24, 2000, the defendants filed an objection to the town's motion to strike along with a supporting memorandum of law.
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(5). In ruling on a motion to strike special defenses, the trial court is obligated to take the facts to be those that are alleged in the special defenses. ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). Additionally, the court must "construe the defenses in a manner most favorably to sustaining their legal sufficiency." Id.
The town moves to strike the defendants' first special defense on the ground that it is legally insufficient.[2] Specifically, it argues that the defendants' first special defense is legally insufficient for merely CT Page 5741-cv alleging that the tax liens that are the subject of counts one and two are invalid because the certificates to continue their existence were not timely filed pursuant to General Statutes (Rev. To 1996) § 12-175. The defendants, on the other hand, argue that their first special defense is valid.
"A municipality, as a creation of the state, has no inherent power of its own . . . nor does it have any powers of taxation except those expressly granted to it by the legislature. For these reasons, a municipality's powers of taxation can be lawfully exercised only in strict conformity to the terms by which they were given . . . and statutes conferring authority to tax must be strictly observed." (Citations omitted; internal quotation marks omitted.) Pepin v. Danbury,171 Conn. 74, 83, 368 A.2d 88 (1976).
The municipality's right to a tax lien is created by General Statutes § 12-172.[3] A tax lien exists for one year beginning with the municipality's assessment date. General Statutes § 12-172. During its existence, a municipal lien takes precedence over all other liens and encumbrances. General Statutes § 12-172.
The authority to continue an existing tax lien is found in §§ 12-173
through 12-175, inclusive. Section 12-173 (a) provides in part that: "The collector of each municipality, by pursuing the method authorized by either section 12-174 or 12-175, may continue any tax lien existing against any item of real estate to secure the payment of the tax . . . as such tax has been increased by legal interest, fees and charges, by making out and filing, within the time limited by section 12-174 or 12-175, in the office of the town clerk . . . a certificate General Statutes § 12-173. Thus, pursuant to 12-173, a tax collector is authorized to continue a tax lien in two ways: 1) when a taxpayer requests a deferral of tax payments because of unusual financial or other compelling circumstances, a tax collector may continue the lien by pursuing the methods authorized by § 12-174 within the time limited by this section; and 2) a collector mar also continue an existing lien, on his or her own initiative, by pursuing the methods authorized by § 12-175
within the time limited by this section. General Statutes §§ 12-173
through 12-175.
The town does not dispute that its certificates were not filed within the first year of the date that the taxes were due under the then version of § 12-175. It concedes that the certificate referred to in count one was not filed until fourteen months after the due date and the certificate referred to in count two was not filed until thirteen months CT Page 5741-cw after the due date. The town asserts, however, that its certificates were timely filed because Public Act 1997, No. 91, which amended § 12-175, has extended the time period in which a municipality may file a certificate to continue a tax lien from "within the first year" to "not later than two years" of the date that the taxes are due. The town further asserts that the time periods contained in § 12-175 are statutes of limitations and, as such, are merely procedural limitations on available remedies; they do not implicate substantive rights. It argues that legislation that affects a procedural matter applies retroactively, absent any express legislative intent to the contrary. Accordingly, the town asserts that Public Act 97-91 applies retroactively, and, therefore, its certificates were timely filed under the current version of § 12-175 because they were filed "not later than two years" of the date that the taxes were due. Based on its construction of the statute, the town argues that the defendants' first special defense should be stricken because it fails as a matter of law.
The defendants disagree. They claim that because the right to create a municipal tax lien, as well as the rights to continue and to foreclose the lien, are statutory rights that did not exist at common law, the time constraints of § 12-175 are substantive, rather than procedural. The defendants argue that because Public Act 97-91 affects a substantive right, rather than a procedural matter, it applies prospectively only and does not operate to save the liens in question that were not filed within the first year after the taxes were due. They further assert that because the town failed to continue its liens within the first year, the liens have become invalid and unenforceable. Accordingly, the defendants argue that because the town cannot foreclose liens that have ceased to exist, the town's motion to strike their first special defense should be denied.
"The determination of whether a statute is retrospective presents a question of legislative intent, and where there is no specific provision to that effect, the question becomes one of presumed intent. . . . [T]he rule to be applied to determine whether . . . [a statute] is prospective or retroactive, depends, in some measure, on whether it affects substantive or procedural matters." (Citation omitted.) JonesDestruction, Inc. v. Upjohn, 161 Conn. 191, 195, 286 A.2d 308 (1971). "Although substantive legislation is not generally applied retroactively absent a clearly expressed legislative intent, legislation that affects only matters of procedure is presumed to [be] applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary. Statutes of limitation are generally considered to be procedural, especially where the statute contains only a limitation as to CT Page 5741-cx time with respect to a right of action and does not itself create the right of action. . . . Therefore, unless specifically tied to a statutory right of action or unless a contrary legislative intent is expressed, the statute of limitations in effect at the time an action is filed governs the timeliness of the claim." (Citations omitted; internal quotation marks omitted.) Connecticut National Bank v. D'Onofrio, 46 Conn. App. 199,207, 699 A.2d 237, cert. denied, 243 Conn. 926, 701 A.2d 657 (1997).
Conversely, "[t]he general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." (Internal quotation marks omitted.) Diamond National Corp. v. Dwelle, 164 Conn. 540,543, 325 A.2d 259 (1973). "The same conclusion would be reached if [the right of action was contained in one statute and] the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right." (Internal quotation marks omitted.) Id., 544. This is so because the legislature may create, along with the right itself, a limit to the term of its existence. Id., 543.
In this case, the language of Public Act 97-91 does not expressly state whether the amendment as to the time limit within which to continue a tax lien is prospective or retrospective in effect. The court must therefore determine whether the time limit impacts a substantive right, and thereby applies prospectively, or, a procedural matter and thereby applies retroactively.
This court has already determined that the statutory period within which a municipality must file a certificate to continue a lien contained in § 12-175 is a component of a substantive right, rather than a procedural statute of limitations. Ansonia v. A. W. Beard ConstructionCorp., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 051238 (December 26, 1996, Curran, J.) (18 Conn. L. Rptr. 364, 365-66); see also Voluntown v. Pine Valley Estates, Inc., Superior Court, judicial district of New London at Norwich, Docket No. 094440 (September 23, 1991, Axelrod, J.) (6 C.S.C.R. 958, 960). The court's reasoning is that, while § 12-173 vests a municipality with a right to continue its liens if it so desires, it may only do so by pursuing the method authorized by § 12-175. General Statutes § 12-173. The method of continuance found in § 12-175, filing the certificate within the time period contained therein, is therefore an integral part of the right because it is the means of exercising the right, and the CT Page 5741-cy right is contingent upon a method for its exercise. See General Statutes §§ 12-173 and 12-175. The time period for continuing a lien contained in § 12-175 is, therefore, so specifically directed to the right created in § 12-173 that it warrants saying that it qualifies or limits the right. Diamond National Corp. v. Dwelle, supra,164 Conn. 544-45. Thus, "[a] municipality may continue any tax lien by certificate pursuant to §§ 12-173 and 12-175. Failure to comply with their requirements is a valid defense to their enforcement [because it is not § 12-173 alone that creates the right to continue a lien, but rather, § 12-173 and 12-175 together, which combine to create that right]." Ansonia v. A. W. Beard Construction Corp., supra,18 Conn. L. Rptr. 366.
Further, our Supreme Court has recognized that a municipality's right to continue a lien is created, in part, by § 12-175. Bridgeport v.Debek, 210 Conn. 175, 182 n. 8, 554 A.2d 728 (1989) It noted that, while the right to a lien is created by § 12-172, "[t]he right only to continue the existence of a lien . . . is provided by General Statutes12-175." Id.
Moreover, Public Act 1997, No. 280, § 1, supports the court's conclusion that Public Act 97-91 affects a substantive right and therefore applies prospectively only. It provides that: "Notwithstanding the failure of the town of Stratford to timely file a certificate continuing a lien for sewer use charges in compliance with the requirements of sections 12-172 to 12-175, inclusive . . . [requiring] that the tax collector file a certificate continuing a lien . . . within the first year after the first instalment of the real estate tax has become due, any such certificate to continue, which has, prior to the effective date of this act, been recorded in the office of the town clerk is declared sufficient for compliance with the provisions of said sections 12-172 to 12-175 inclusive. Such liens are validated and shall have the same force and effect as though the provisions of said sections12-172 to 12-175 inclusive . . . had been complied with." Public Act 97-280, § 1. It follows therefore, that if, as the town claims, Public Act 97-91 is merely a statute of limitations that was intended by the legislature to have retroactive effect, there would have been no need for the legislature to ratify Public Act 97-280, which validates the town of Stratford's untimely certificates.
The time period in which a municipality must file a certificate of continuance is a component of the municipality's substantive right to continue a tax lien pursuant to §§ 12-173 and 12-175; it is not a statute of limitations affecting only procedural matters. Because Public CT Page 5741-cz Act 97-91 affects a substantive right, and the legislature has not expressly provided that it was to have retroactive effect, it applies prospectively only. Public Act 97-91 does not operate retroactively to save certificates filed prior to its ratification. The certificates referred to in counts one and two are invalid and unenforceable because they were not filed within the first year of the date that the tax was due and were not saved by ratification of Public Act 97-91. The plaintiff's motion to strike the defendants' first special defense to counts one and two is hereby denied.
The town also seeks to strike the defendants' second special defense, which is directed at counts one through four, on the ground that it is legally insufficient. The town claims that the defendants' allegations, which are that the taxies levied upon their property result from erroneous assessments and are excessive and unlawful and, therefore, unenforceable in equity, do not constitute a valid defense to a foreclosure action by a municipality.
The defendants argue that their second special defense is valid. They assert that it is essentially unfair that the town improperly assessed their property, realized its mistake and then only partially corrected it. The defendants claim that because the town has refused to correct its alleged assessment errors for grand lists prior to 1996, the liens securing these taxes are unenforceable in an equitable proceeding.
"Because a . . . foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done. The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles." (Citations omitted; internal quotation marks omitted.)Southbridge Associates v. Garofalo, 53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). The traditional defenses to a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. Id. In recognition of the fact that foreclosure is an equitable proceeding, however, the courts have allowed the additional defenses of mistake, accident, fraud, unconscionability, abandonment of security, and usury. Id., 15-16.
"Our Supreme Court has repeatedly insisted that a taxpayer wishing to contest the legality of its tax assessments must follow prescribed statutory procedures. Where the General Assembly has established complete, adequate and speedy statutory remedies for alleged tax CT Page 5741-da irregularities, a taxpayer must exhaust them. A taxpayer who has not sought redress in an appropriate manner is foreclosed from continuing litigation outside these statutes. . . . Indeed, direct judicial adjudication is not warranted when the relief sought by a litigant may have been obtained through an alternative statutory procedure which the litigant has chosen to ignore." (Citations omitted; internal quotation marks omitted.) Farmington v. Dowling, 26 Conn. App. 545, 549-50,602 A.2d 1047 (1992), appeal dismissed, 224 Conn. 592, 619 A.2d 852
(1993).
In this case, "[t]he [defendants'] claim that the property had been wrongfully or excessively assessed could have been appealed in one of two ways: (1) to the board of tax review [or board of assessment appeals] and from there, within two months, to the Superior Court pursuant to 12-111
and . . . [12-117a]; or (2) by direct action to the court within one year from the date when the property was last evaluated for purposes of taxation pursuant to 12-119." (Internal quotation marks omitted.) Id., 550. Accordingly, equity does not demand that the court withhold from the town its right to foreclose its liens, where the defendants had adequate statutory remedies for their claim of excessive assessment and failed to pursue them.
Finally, the town seeks to strike the defendants' third special defense, which alleges that count seven fails to state a claim upon which relief can be granted. The plaintiff may set forth its claims of insufficiency in its memorandum of law, rather than on the face of its motion, absent an objection by the defendants as to the form of the plaintiff's motion. See Bouchard v. People's Bank, supra, 219 Conn. 468
n. 4. In this case, the plaintiff's memorandum only raises claims of insufficiency as to the defendants' first and second special defenses and fails to address the defendants' third special defense at all. Therefore, the plaintiff's motion to strike the defendants' third special defense is denied because the plaintiff has failed to comply with Practice Book § 10-41.
The town's motion to strike should be denied as to the defendants' first and third special defenses and granted as to the defendants' second special defense.
The Court
By Curran, J.