[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT (#175, 177, 179)
The plaintiff French Putnam, LLC (French) commenced this action to recover money damages to reimburse it for the costs of investigating and remediating the effects of contamination from various hazardous materials, including oil and petroleum products, on real property it purchased located at 35-37 Putnam Avenue in Norwalk, Connecticut (the Premises). The surviving claims seek reimbursement from various defendants pursuant to General Statutes § 22a-452 and on a negligenceper se theory, based on alleged violations of environmental statutes.
An affiliate of French purchased the property on June 10, 1996. This property was assigned by the affiliate to French on June 13, 1996. The writ, summons and complaint in the action were delivered to the sheriff on June 12, 1996 and served thereafter. The defendants, County Environmental Services, Inc., County Environmental Systems, Inc., Edward Alfveby, Anton Tantalos, Sam Testa and Ann Testa have filed motions for summary judgment seeking dismissal of the complaint on the ground that it is barred by the statute of limitations.
It is generally recognized that General Statutes § 52-577c[1] is the applicable statute of limitations for personal injury or property damage caused by exposure to a hazardous pollutant or hazardous chemical substance or mixture whether the claim is based on negligence, or some other theory. Goldblum v. The Pittson Co., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV92 0126252, (April 24, 1996, Stevens, J.); Murawski v. Warren, Superior Court, judicial district of Windham, Docket No. 40176 (March 1, 1991, Potter, J.). The parties appear to agree that § 52-577c is the relevant statute of limitations applicable to this case. However, until October 1, 1998 Section52-577c did not include petroleum products within its definition of a hazardous chemical substance or mixture. See, Doty v. Mucci,238 Conn. 238 800 (1996).[2] The time frame of the allegations in the revised complaint end in July 1996 and the original complaint was served CT Page 11437 in June 1998, well before the effective date of the amendment to Section52-577c. The court is aware of several decisions holding that the amended Section 52-577c is not applicable to petroleum product contamination discovered prior the amendment. See City of Bridgeport v. AdmiralAssociates, Superior Court, judicial district of New Haven at New Haven CV 98 035277 (February 7, 2001, Moran, J.); J.F.C. Endeavors, Inc v.Pioneer Steel Ball Co., Superior Court, judicial district of Hartford at Hartford, D.N. 58083 (December 14, 1999, Hennessey, J.). Nevertheless, in civil cases a statute of limitations is considered a procedural statute which should be applied retroactively, especially when the statute is only a limitation and does not create a right of action. JonesDestruction, Inc. v. Upjohn, 161 Conn. 191 (1971). Therefore, this court finds that Section 52-577c, which creates no substantive rights, is a procedrual statute and applies to this case. Accord, Town of Monroe v.Underground Construction Survey, Inc., Superior Court, judicial district of Fairfield at Bridgeport, CV 01 0384754 (April 16, 2002, Thim, J.) (31 Conn.L.Rptr. 721).
The defendants claim that French had discovered, or in the exercise of reasonable care should have discovered, the polluted condition of the property on or before June 13, 1996 the date of its purchase of the property and therefore its action is barred by Section 52-577c. French contends that it discovered new and additional contamination on the property in July 1996 that it, even in the exercise of reasonable care, could not have been expected to discover beforehand.
Summary judgment may be granted on statute of limitations grounds when the material facts regarding the limitations issue are not in dispute.Burns v. Hartford Hospital, 192 Conn. 451, 452 (1984); see also Doty v.Mucci, supra. In deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.Appleton v. Board of Education, 259 Conn. 205, 209 (2002).
 `The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." . . . "[A] directed verdict may be rendered only where, on the evidence viewed in the lght most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed."
CT Page 11438
Miller v. United Technologies Corp., 233 Conn. 732, 751-52 (1995) (citations omitted, internal quotation marks omitted). In ruling on a motion to dismiss, a court should not decide issues of material fact, but only determine whether any such issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988).
In this case the moving defendants have offered very substantial evidence on the issue when contamination on the site was discovered. This evidence includes reports by the Connecticut Department of Environmental Protection (DEP) going back to December 1993 when DEP's Oil and Chemical Spill Response Division responded to a purportedly anonymous report of contamination at the Premises. The defendants also point to documents in the plaintiff's possession indicating that in April 1996, prior to plaintiff's purchase of the premises, French was advised that it would cost close to $100,000.00 to remove waste material and soil from the premises. Finally, in the purchase agreement respecting the premises, dated June 10, 1996, French acknowledged that the premises had been used for a waste oil transfer business and "may contain contaminated earth"
In opposition to the motion French offers the affidavits of Donald Milligan, chief financial officer of French, and Robert Lamonica an environmental professional licensed in Connecticut pursuant to General Statutes § 22a-133v as "qualified . . . to engage in . . . investigation and remediation of pollution."[3] Milligan states that at the time of purchase of the premises, French knew it contained "certain environmental contamination." He also stated that French reviewed, prior to purchase, both Phase I and Phase II Environmental Site Assessments dated respectively March 4, 1994 and July 17, 1995. Milligan's affidavit also stated that subsequent to the purchase French began to excavate and remediate the soil on the premises "and learned, for the first time, of certain new contamination [on the premises]".
Lamonica's affidavit states that he has reviewed all the Phase I and II reports as well as other documents prepared for French after purchase. He states that it was "logical and appropriate" for French to rely on the professional opinions in the Phase I II reports, that such reports were customarily prepared to assess contaminated property, and that, in his opinion, French "conducted a reasonable review and investigation of the environmental condition" of the premises. He further states that in July 1996, new contaminated soils were discovered, "contamination . . . not specified in the Phase I or II reports".
The critical issue for § 52-577c analysis is when the "injury and damage complained of' was discovered or when it should have been discovered through the exercise of reasonable care. The Connecticut CT Page 11439 appellate courts have provided no definition of "reasonable care." SeeVisconti v. Pepper Partners Ltd., Superior Court, judicial district of Waterbury, X06-CV99 0170072, (May 14, 2002, McWeeny, J.)
On the record before it, this court is not able to conclude that there are no material facts at issue with respect to the application of the statute of limitations. There is considerable force to the moving defendants' contention that French knew or should have known of the contamination it seeks reimbursement for remediating, and indeed, French concedes some actual knowledge. However, the Lamonica affidavit puts into issue whether French's claimed lack of knowledge about "additional" contamination was reasonable, and this court believes that is quintessentially an issue for a jury to decide, along with the subsidiary issue concerning whether the subject contamination was, in fact, additional. Other courts have decided similar issues on summary judgment motions. See Visconti v. Pepper Partners Ltd., supra; Blackburn v.Miller-Stephenson Chemical Co., Inc., Superior Court, judicial district of Danbury, CV 93 0314089 (September 11, 1998, Leheny, J.). In this case, however, there is very sparse information about what French knew. For instance, there is no deposition testimony of French personnel in the record and indeed the critical Phase I and II reports are not before the court.
The motions for summary judgment are denied.
ADAMS, J.